IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICO M. REED, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    No. 2:21-cv-02197-JTF-atc |
| | ) |
| v. | ) |
| | ) |
| 201 POPLAR FOOD SERVICE, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

ORDER MODIFYING THE DOCKET,
DISMISSING THE COMPLAINT WITHOUT PREJUDICE (ECF NO. 1),
AND GRANTING LEAVE TO AMEND

On March 30, 2021, Plaintiff Rico M. Reed, who is incarcerated at the Shelby County Criminal Justice Center (the Jail) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)[1] On May 6, 2021, the Court granted him leave to proceed *in forma pauperis*. (ECF No. 6.) His § 1983 complaint is before the Court for screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2). Arising from incidents at the Jail during an undefined five-month period on or around November 13, 2021, Reed's § 1983 complaint states that he does not "get[] a [food] tray [at the Jail] some nights." (ECF No. 1 at PageID 2.) It is unclear from Reed's complaint whether he is arguing that (1) his meal tray omissions are related to his onion allergy or (2) he receives food that contains onion allergens, which he is unable to consume. (*Id.*

---

[1] According to the Tennessee Department of Correction Felony Offender Information website, Jeffries is presently assigned to the Memphis Probation and Parole Office for four years. (*See* https://apps.tn.gov/foil-app/details.jsp.)

at PageID 3; *id*. at PageID 2.) Reed names 201 Poplar Food Service as the sole Defendant. (*Id*. at PageID 1 & 2.) He asks "the Court to help me on my pain and suffering … and not eating some nights and going to bed with nothing in my stomach but water." (*Id*. at PageID 3.)

I.     **LEGAL STANDARDS**

    A.     **Screening Requirements**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

2

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements To State A Claim Under 42 U.S.C. § 1983

Plaintiff filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## II. ANALYSIS

### A. Claim Against 201 Poplar Food Service

Reed contends that when he yells out from behind bars for a food tray, "no officer come[s] back to the pod until it's time to go home at 10:00 p.m. I ask them where is my tray, no answer." (ECF No. 1 at PageID 2.) Reed's complaint does not describe 201 Poplar Food Service's role, or

3

that of any of its agents or its policies, in the events of which he complains. (*Id*. at PageID 2-3.) Construed liberally, however, Reed's complaint alleges that Defendant operates inside the Jail to provide food services to inmates. (ECF No. 1 at PageID 2-3.)

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against 201 Poplar Food Service, Reed "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Plaintiff has not alleged that a policy or custom of 201 Poplar Food Service was the "moving force" behind the alleged violation of his constitutional rights. (ECF No. 1 at PageID 2-3.) Therefore, his insufficiently-alleged claim against 201 Poplar Food Service is dismissed for failure to state a claim to relief under § 1983. Given that this is the complaint's sole claim, Reed's § 1983 complaint is dismissed in its entirety for failure to set forth a cognizable claim to relief.

### A. Claims OF Eighth Amendment Violation

In the event Reed elects to amend his claims as afforded *infra*, the Court advises him that, aside from his failure to name a Defendant who acted unconstitutionally and under color of state law for § 1983 purposes, his instant complaint does not allege sufficient facts to proceed past initial review, as the Court will now explain.

An inmate's claim that correctional facility defendants failed to serve him a special diet that avoids his food allergies invokes the Eighth Amendment, *see Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017), which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter,* 501 U.S. 294 (1991). As relevant here, the Eighth Amendment requires prison officials to provide inmates with a diet that is nutritionally adequate for the maintenance of normal health. *Clark–Murphy v. Foreback,* 439 F.3d 280, 292 (6th Cir. 2006). "Food served to inmates need not be appetizing. The Eighth Amendment merely requires that [food] … be adequate to meet an inmate's essential nutritional needs." *Heinz v. Teschendorf,* No. 05–CV–73470, 2006 WL 2700813, at *8 (E.D. Mich. Sept. 19, 2006).

An Eighth Amendment claim has both objective and subjective components. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Hudson v. McMillian,* 503 U.S. 1, 8 (1992); *Wilson,* 501 U.S. at 298; *Williams,* 631 F.3d at 383. Its objective prong requires that the deprivation at issue be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 928. A prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). The objective component is implicated only if a food deprivation endangers an inmate's health. *Moore v. Curtis,* 68 F. App'x 561, 562 (6th Cir. 2003). The Eighth Amendment's subjective prong requires that jail officials acted with requisite intent -- *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs must show that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir.

5

2009).  To be liable under the Eighth Amendment, a prison official must subjectively know of an excessive risk of harm to an inmate's health or safety and disregard it.  *Farmer*, 511 U.S. at 837.

*Objective Prong In Reed's Case*:  Reed's contentions do not suggest that his onion allergy is a sufficiently serious medical condition for Eighth Amendment purposes.  A serious medical condition is one that, *inter alia*, is so obvious that even a lay person would perceive the need for a doctor's attention.  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004).  "[A] medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Crowder v. Hamilton Cnty. Sheriff's Office*, No. 1:11-cv-306, 2012 WL 1866514, at *3 (E.D. Tenn. May 22, 2012) (citation omitted).  Reed's complaint, though, suggests no dangers posed by his allergies so as to constitute an Eighth Amendment sufficiently serious medical condition.

Furthermore, Reed offers no facts suggesting that he has been denied a nutritionally adequate diet at the Jail.  *See Kelly v. Lain*, No. 08-cv-10448-DT, 2008 WL 4791951, at *3 (E.D. Mich. Oct. 28, 2008).  Reed's vague, non-specific contention that he is "not eating some nights," ECF No. 1 at PageID 3, does not afford a plausible basis from which to infer that he has suffered a nutritional deficiency of constitutional magnitude.  *See Sims v. Mich. Dep't of Corr.,* 23 F. App'x 214, 216 (6th Cir. 2001) ("Sims did not allege that he was denied sufficient food on a daily basis or that he could not maintain his health based on the diet provided him"); *Cunningham v. Jones,* 667 F.2d 565, 566 (6th Cir. 1982) (Eighth Amendment rights were not violated when inmate received 1 meal per day for 15 consecutive days, since that meal sufficed to maintain normal health).

*Subjective Prong In Reed's Case*:  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, to be liable, an individual defendant must have caused or

participated in a constitutional deprivation. *Iqbal*, 556 U.S. at 676.  Reed's instant complaint does suggest that any § 1983 "person" subjectively knew about, and disregarded, his onion allergy and/or his missing meal trays.  Without more, the present complaint does not suggest that anyone had the requisite "sufficiently culpable state of mind," *see Farmer*, 511 U.S. at 834, for an Eighth Amendment violation.

For these reasons, Reed's complaint, beyond its failure to name a person amenable to suit under § 1983, fails to state an Eighth Amendment claim to relief.

### III.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (PLRA).  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with

due process and does not infringe the right of access to the courts"). The Court grants Reed leave to amend.

IV.     **CONCLUSION**

For all of the reasons explained above: (1) the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Moreover, as it is not within the province of this Court to supervise meal services to inmates in state prisons, *see* ECF No. 1 at PageID 2-3, Reed's request for injunctive relief is **DENIED**; and (2) leave to amend is **GRANTED**. Any amendment must be filed within twenty-one (21) days after the date of this order. Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss this case and enter judgment. The Court recommends that any such dismissal of this case should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

**SO ORDERED**, this 19th day of July, 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE