IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICO M. REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02197-JTF-atc |
| ) | |
| v. ) | |
| ) | |
| ARAMARK FOOD SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE (ECF NO. 8);
DENYING LEAVE TO AMEND;
DISMISSING CASE;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE;
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*; AND
RECOMMENDING THAT THIS DISMISSAL BE TREATED AS A STRIKE
PURSUANT TO 28 U.S.C. § 1915(g)**

On March 30, 2021, Plaintiff Rico M. Reed, who is incarcerated at the Shelby County Criminal Justice Center (the Jail) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On May 6, 2021, the Court granted him leave to proceed *in forma pauperis*. (ECF No. 6.) On July 19, 2021, the Court dismissed Plaintiff's complaint without prejudice for failure to state a claim to relief and granted him leave to amend his claims within twenty-one (21) days. (ECF No. 7.) The time for Plaintiff to amend expired on Monday, August 9, 2021.

Reed filed an untimely amended complaint on August 12, 2021. (ECF No. 8 ("A Motion To Amend For Leave Pain And Suffering [sic]").) Given Plaintiff's *pro se* status, the Court will

liberally consider his amended complaint for screening under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B), despite its untimeliness.[1]

## I. DISCUSSION

Reed's amended complaint: (1) substitutes Aramark Food Service for 201 Poplar Food Service as named Defendant, *see* ECF No. 8 at PageID 28; and (2) "suggest[s] that his onion allergy is a serious medical condition for Eighth Amendment purposes." (*Id.* at PageID 31.) Other than those two items, the amended complaint is a handwritten, verbatim recitation of the Court's July 19, 2021 screening order. (*See* ECF No. 7 (the Screening Order); *cf.* ECF No. 8.) The amended complaint does not address the pleading insufficiencies outlined in the Screening Order.

(1)     As an initial matter, the Screening Order's discussion of the relevant governing law remains the same for screening the amended complaint. (*See* ECF No. 7 at PageID 21 ("A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983" (citation omitted).)  The amended complaint merely substitutes Aramark Food Service for 201 Poplar Food Service as the named Defendant. (ECF No. 8 at PageID 28.)  Reed does not describe a food provider policy or custom that was the moving force behind an alleged constitutional deprivation.  That is, he does not remedy the pleading deficiency outlined in the Screening Order. (*See* ECF No. 7 at PageID 21.) Instead, Reed simply converts the Screening Order's discussion of governing law into legal conclusions for which he offers no supporting facts.  For example, the amended complaint contends in conclusory fashion that Reed "has showed that the alleged policy or custom of Aramark Food Service was the moving force behind the alleged violation of his constitutional rights." (*See* ECF No. 8 at PageID 29; *cf.* ECF

---

[1] The Screening Order set forth the screening requirements of the Prison Litigation Reform Act as well as the requirements to state a claim under 42 U.S.C. § 1983. (ECF No. 7 at PageID 19-20.) Those governing provisions need not be restated here.

2

No. 7 at PageID 21.)  However, Reed does not describe any policy or custom at all, let alone demonstrate that it was behind the conduct of which he complains.  The amended complaint offers no factual allegations that change the Screening Order's legal analysis or ruling.  The amended complaint's insufficiently-alleged claim against Aramark Food Service is dismissed for failure to state a claim to relief under § 1983.

(2) The amended complaint "*suggest[s]* that [Reed's] onion allergy is a serious medical condition for Eighth Amendment purposes." (ECF No. 8 at PageID 31 (emphasis added).)  He has simply converted the Screening Order's connotation from negative to positive, without any supporting facts to demonstrate his allegation.  (*See* ECF No. 7 at PageID 23 ("Reed's contentions *do not suggest* that his onion allergy is a sufficiently serious medical condition for Eighth Amendment purposes") (emphasis added).)  Moreover, the amended complaint merely parrots the original pleading's allegation that he is "not eating some nights." (ECF No. 8 at PageID 32; ECF No. 1 at PageID 3.)  He does not offer facts that elevate his claim to one of constitutional proportions.  And Reed's regimen of "8 pills a day for P.T.S.D. and flashbacks," *see* ECF No. 8 at PageID 32, offers no rational basis from which to plausibly infer that his *diet* was nutritionally deficient to an unconstitutional degree.  (*See* ECF No. 7 at PageID 23 (citations omitted).)  That Reed "feel[s] real bad, sad sick with nothing on his stomach [sic]," *see* ECF No. 8 at PageID 32, does not bear upon whether his diet lacks nutritional adequacy for purposes of the Eighth Amendment's objective prong.

The amended complaint's pleading insufficiency is even more glaring as to the Eighth Amendment's subjective prong.  Reed simply re-writes a portion of the Screening Order's discussion of the subjective prong, but he does not allege any facts suggesting a § 1983 person's

3

culpable state of mind about feeding him onions.  (*Id*. at PageID 31-32; *cf*. ECF No. 7 at PageID 23-24.)

For all of these reasons, the amended complaint fails to sufficiently allege a claim to relief.

## II. **APPELLATE ISSUES**

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court has to also consider whether an appeal by Plaintiff here would be taken in good faith.  *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999).  Under Rule 24(a), if the district court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization.  That is, unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*."  Fed. R. App. P. 24(a)(3)(A).  If the district court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  And the test for whether a party appeals in good faith is if the litigant seeks appellate review of any issue that is not frivolous.  *Id.*  "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*."  *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)).  For the same reasons this Court dismisses Plaintiff's amended claims for failure to state a claim, the Court finds that an appeal would not be taken in good faith.  The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal here by Plaintiff would not be taken in good faith.  And the Court **DENIES** leave to proceed on appeal *in forma pauperis*.  If Plaintiff appeals, he must pay the full $505 appellate filing fee or move for

4

leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit.  *See* Fed. R. App. P. 24(a)(5).

### III.    AMENDMENT UNDER THE PLRA

The Court also **DENIES** leave to amend under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")).  The Sixth Circuit has stated that "[i]f it is at all possible that the party ... can ... state a claim for relief, the court should dismiss with leave to amend."  *Id.* (quoting *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011)).

Even so, the Court has already allowed Plaintiff to amend his complaint.  And yet, he still failed to state a claim for relief.  So here, the Court finds that further amendment would be futile.  *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).  For these reasons, the Court finds that it should not allow Plaintiff to amend his claims yet another time.

### IV.    CONCLUSION

For all of the reasons explained above:

(1) The amended complaint (ECF No. 8) is **DISMISSED WITH PREJUDICE** in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

(2) Leave to amend is **DENIED**; and

(3) The Court recommends that the dismissal of this case should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

**SO ORDERED**, this 1st day of September, 2021.

                                            *s/John T. Fowlkes, Jr.*
                                            JOHN T. FOWLKES, JR.
                                            UNITED STATES DISTRICT JUDGE